IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLYN K. GUNDEL<br>2485 Croll School Road<br>York PA 17403,<br>      Plaintiff<br><br>vs.<br><br>MANOR TOWNSHIP<br>950 West Fairway Drive<br>Lancaster, PA 17603  and<br><br>TODD GRAEFF,<br>950 West Fairway Drive<br>Lancaster, PA 17603<br><br>      Defendants | : CIVIL ACTION – LAW<br>:<br>:<br>:<br>:<br>: NO.<br>:<br>:<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

NOW COMES, the Plaintiff, Carolyn K. Gundel, by and through counsel, filing this Complaint and, in support thereof, states that:

## JURISDICTION AND VENUE

1. This Honorable Court has jurisdiction pursuant to *28 U.S.C.A. §1311* and *§1367* in that this action arises under the laws of the United States and all other claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is appropriate in this judicial district pursuant to *28 U.S.C.A. §1391(a)* in that all or a substantial part of the events or omissions that give rise to this Complaint occurred within this judicial district.

3. Administrative remedies have been exhausted before the Equal Employment Opportunity Commission and a Notice of Right to Sue letter was issued.

## PARTIES

4. The Plaintiff, Carolyn K. Gundel, is an adult individual maintaining a principal residence at 2485 Croll School Road in York County, Pennsylvania.

5. The Defendant, Manor Township, Lancaster County, Pennsylvania (hereinafter referred to as "Manor Township") is a duly organized and existing Pennsylvania municipality maintaining a principal place of business at 950 West Fairway Drive in Lancaster County, Pennsylvania.

6. The Defendant, Todd Graeff, is an adult individual maintaining a business address at 950 West Fairway Drive in Lancaster County, Pennsylvania.

## FACTS COMMON TO ALL COUNTS

7. The Plaintiff, Carolyn K. Gundel, is a female born in 1955. She is currently sixty-five (65) years of age.

8. At all times relevant hereto, the Defendant, Manor Township, acted by and through its duly authorized agents, servants, workmen and employees, including the Defendant, Todd Graeff, who in turn acted within the course and scope of their authority.

9. At all times relevant hereto, the Defendant, Todd Graeff, was and continues to be an employee of the Defendant, Manor Township, serving in the position of Chief of Police.

10. On or about April 10, 1997, the Plaintiff Carolyn K. Gundel was hired by the Manor Township Police to work as a police officer in the police department.

11. At the time of her hiring as a police officer in Manor Township, the Plaintiff, Carolyn K. Gundel war forty-one (41) years of age.

12. In or about January of 2008, the Plaintiff, Carolyn K. Gundel, was promoted to the position of sergeant. The position of sergeant has a higher pay grade than a patrol officer.

13. Manor Township employs more than twenty (20) people.

14. Of those, twenty (20) officers are employed by the police department and the Plaintiff, Carolyn K. Gundel, is the oldest police officer employed by the police department, although she is not currently eligible to retire with a full pension.

15. During the course of her employment as a police officer by the Defendant, Manor Township, the Defendant, Todd Graeff told the Plaintiff, Carolyn K. Gundel, that if he had been the chief of police at the time she was hired, he would not have hired her due to her age.

16. In or about November 2019, the Board of Supervisors for the Defendant, Manor Township, agreed to add an additional police officer to the police department.

17. On or about January 29, 2020, the Defendant, Todd Graeff, in his capacity as Chief of Police, issued an email to the entire police department indicating that the department would be offering promotions and hiring if one of three eligible police officers signed an intent to retire by the end of calendar year 2022 provided the letter of intent was submitted on or before June 1, 2020.

18. At the time of the issuance of the email of January 29, 2020, the Plaintiff, Carolyn K. Gundel, was one of the three officers eligible to retire by the end of 2022, and was the oldest of the three officers.

19. The Plaintiff, Carolyn K. Gundel, did not advise the Defendant, Manor Township, or the Defendant, Todd Graeff that she intended to retire or that she would sign the intent to retire.

20. The Plaintiff, Carolyn K. Gundel, believes and therefore states that the Defendant, Manor Township, and the Defendant, Todd Graeff, knew that the Plaintiff did not intend to retire,

and therefore began to execute a plan to make the Plaintiff's working conditions difficult and force her to retire.

21. On or about April 2, 2020, the Plaintiff, Carolyn K. Gundel was notified that a complaint had been filed against her by two other officers within the department, Colleen Tatara and Troy Rodgers, falsely accusing her of harassment, bullying behavior, unprofessional conduct and improper conduct towards the officers.

22. The alleged events that were the subjects of the complaints by Colleen Tatara and Troy Rodgers allegedly occurred in February of 2020.

23. On or about April 11, 2020, a third police officer named Brian Liddick also filed a complaint against the Plaintiff alleging she engaged in harassing, bullying and unprofessional behavior.

24. The Plaintiff, Carolyn K. Gundel, believes and therefore states the aforementioned complaints were submitted by the named officers at the direction and/or of the Defendants, Manor Township and Todd Graeff, for the purposes of create a situation to justify disciplining the Plaintiff and exerting pressure on her to retire.

25. On June 10, 2020, nine (9) days after the notice of intent to retire was to be submitted according to the email of January 29, 2020, the Plaintiff, Carolyn K. Gundel was notified by the Defendant, Todd Graeff, that a total of three complaints had been filed against her by Officers Tatara, Rodgers and Liddick, alleging, among other things, ongoing unprofessional behavior, hostile work environment, harassment, retaliation, bullying behavior and improper conduct towards department officers.

26. The three (3) complaints that the Plaintiff, Carolyn K. Gundel was notified about on June 10, 2020 cited incidents allegedly occurring between June 17, 2019 and March 28, 2020.

and therefore began to execute a plan to make the Plaintiff's working conditions difficult and force her to retire.

21. On or about April 2, 2020, the Plaintiff, Carolyn K. Gundel was notified that a complaint had been filed against her by two other officers within the department, Colleen Tatara and Troy Rodgers, falsely accusing her of harassment, bullying behavior, unprofessional conduct and improper conduct towards the officers.

22. The alleged events that were the subjects of the complaints by Colleen Tatara and Troy Rodgers allegedly occurred in February of 2020.

23. On or about April 11, 2020, a third police officer named Brian Liddick also filed a complaint against the Plaintiff alleging she engaged in harassing, bullying and unprofessional behavior.

24. The Plaintiff, Carolyn K. Gundel, believes and therefore states the aforementioned complaints were submitted by the named officers at the direction and/or of the Defendants, Manor Township and Todd Graeff, for the purposes of create a situation to justify disciplining the Plaintiff and exerting pressure on her to retire.

25. On June 10, 2020, nine (9) days after the notice of intent to retire was to be submitted according to the email of January 29, 2020, the Plaintiff, Carolyn K. Gundel was notified by the Defendant, Todd Graeff, that a total of three complaints had been filed against her by Officers Tatara, Rodgers and Liddick, alleging, among other things, ongoing unprofessional behavior, hostile work environment, harassment, retaliation, bullying behavior and improper conduct towards department officers.

26. The three (3) complaints that the Plaintiff, Carolyn K. Gundel was notified about on June 10, 2020 cited incidents allegedly occurring between June 17, 2019 and March 28, 2020.

27. The Defendants offered no explanation as to why they waited more than a year to discipline the Plaintiff, Carolyn K. Gundel, for some of the alleged events.

28. The Plaintiff, Carolyn K. Gundel, denies the allegations against her in each of the complaints and contends they are being used as a pretext by the Defendant, Manor Township, and the Defendant, Todd Graeff, to make the Plaintiff's working conditions intolerable and to compel her to retire.

29. On June 16, 2020, the Plaintiff, Carolyn K. Gundel, was notified that, as a result of the aforementioned complaints, she was being disciplined and that her discipline would include a reduction in rank of two ranks to patrol officer and a seven (7) day suspension.

30. The Manor Township's police department includes the positions of patrol officer, corporal, and sergeant. As a result, the Plaintiff's demotion included a reduction of two (2) ranks from sergeant to patrol officer with a reduction in pay.

31. Pursuant to the proposed discipline, the Plaintiff, Carolyn Gundel, was scheduled to be demoted effective July 4, 2020 and the suspension was to be without pay over a period of seven (7) twelve-hour days at a time and date to be determined by the Defendant, Todd Graeff.

32. At the time of the discipline, however, the Defendant, Todd Graeff, specifically stated the Defendant, Manor Township, "does not want to negatively affect your pension." Therefore, the Defendant, Todd Graeff told her the Township offered a potential resolution being that if she signed a Letter of Intent to Retire with retirement being effective April 30, 2022, the Township would withdraw the demotion and reduce the suspension to four (4) days.

33. As a result of the foregoing, the Defendant, Manor Township and the Defendant, Todd Graeff, clearly indicated the Plaintiff's discipline was directly to her retirement.

34. Further, the Township's offer included a creation of an administrative sergeant position that would answer directly to the Chief of Police. The sergeant administrative position would not supervise any officers.

35. Prior to the discipline, the Plaintiff, Carolyn K. Gundel, supervised other officers.

36. On June 18, 2020, two days after the Notice of Discipline, Chief Todd Graeff issued an email to the Plaintiff copied to the Township Manager with the subject line of "letter of retirement." In the email, the Chief of Police wrote "I will be on vacation Friday, June 19th, so please just place your Letter of Intent to Retire on my desk. You should probably seal it in an envelope for privacy."

37. Due to her decision not to submit my Letter of Intent to Retire on June 14, 2020, the Plaintiff received a memorandum from the Chief of Police with the subject line, "demotion in serving suspensions." In the memo it states, "you will be demoted from sergeant to officer, as such as your pay will be reduced from your base salary of approximately $94,340.90 to $85,794.45."

38. Additionally, the Defendant, Todd Graeff decided that the Plaintiff would serve an 84-hour (7 day) suspension without pay beginning on Monday, July 13, 2020 through Thursday, July 23, 2020.

39. Further during the suspension period, the Plaintiff was required to turn in her duty weapon, her identification and her badge.

40. The Plaintiff was further directed that upon her return on Monday, July 27, 2020, she was to have any and all sergeant rank insignia removed from her uniforms, jackets, etc.

41. Finally, the Plaintiff was notified that her schedule would be modified as a result of the purported discipline.

42. For a period of approximately nine (9) to ten (10) years prior to her demotion, the Plaintiff worked a shift of 12:00 p.m. to 12:00 a.m.

43. As a direct result of her demotion, the Plaintiff's working shifts were changed to alternating shifts of 6:00 a.m. to 6:00 p.m. or 6:00 p.m. to 6:00 a.m.

44. With full knowledge of the Defendants' intent to force the Plaintiff, Carolyn K. Gundel to retire, on June 24, 2020 the Defendant, Todd Graeff, issued an email to the entire police department advising the officers that a corporal/sergeant promotional written test would be held on September 3, 2020.

45. On July 22, 2020, the Chief of Police issued another email to the entire police department notifying it that effective on July 27, 2020 Corporal Mark Burkholder was going to be assigned at the position of acting sergeant and as such will have the title sergeant to include all rights and authority that goes with the position.

46. Acting Sergeant Burkholder is a male who is less than 50 years of age and has worked in the police department less time than the Plaintiff has.

47. Since the date of the Plaintiff's demotion, four (4) younger officers have received promotions with two (2) receiving promotions to corporal and two (2) receiving promotions to sergeant.

48. As a result of the foregoing, Defendant, Manor Township, by and through its employee and agent, Chief Todd Graeff, have engaged in a course of conduct beginning in or about January 2020 and culminating with a reduction in rank and suspension in July 2020 to discriminate against the Plaintiff due to her age (64 years of age), her gender (female) and her disability (diabetes) in an effort to force her to leave the police department.

49. The Plaintiff, Carolyn K. Gundel, is a member of a protected class or classes, to wit: age.

50. The Plaintiff is qualified for the position of sergeant in the police department, and has been the subject of adverse employment action despite being qualified, and it was under circumstances giving rise to an inference of discrimination in that the department has subsequently promoted a younger male with qualifications similar to those the Plaintiff already possess and has filled the position with a person younger than the Plaintiff.

51. As a result of the foregoing, Plaintiff believes the conduct of the Defendant, Manor Township, constitutes a violation of the *Age Discrimination and Employment Act of 1967* ("ADEA"), 29 U.S.C. § 621-634, and the *Pennsylvania Relations Act*, 43 Pa.C.S. § 951-963.

## COUNT I
## THE AGE DISCRIMINATION AND EMPLOYMENT ACT OF 1967 PLAINTIFF, CAROLYN K. GUNDEL v. DEFENDANT, MANOR TOWNSHIP

52. The Plaintiff, Carolyn K. Gundel, hereby incorporates by reference her allegations contained in paragraphs 1-51 as if set forth in full herein.

53. The Plaintiff, Carolyn K. Gundel, is a member of a protected class in that she is over forty (40) years of age.

54. The Plaintiff, Carolyn K. Gundel, is qualified for her continued employment as a sergeant within the Manor Township Police Department.

55. By its actions as aforesaid, the Defendant, Manor Township, engaged in adverse employment action against the Plaintiff, Carolyn K. Gundel.

56. By its actions as aforesaid, the Defendant, Manor Township, created a hostile work

environment for the Plaintiff, Carolyn K. Gundel, that included pressuring her to retire by attempting to discipline her without just cause, demoting her, changing her hours, and taking away her supervisory authority.

57. As a direct and proximate result of the actions of the Defendant, Manor Township, the Plaintiff, Carolyn K. Gundel, has suffered damages in the form of lost back wages, lost future wages, emotional distress, and costs and attorneys' fees.

58. Further, due to the intentional severe and outrageous conduct of the Defendant, Manor Township, the court should order an award of punitive damages.

WHEREFORE, the Plaintiff, Carolyn K. Gundel, respectfully requests this Honorable Court to enter judgment in her favor and against the Defendant, Manor Township, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00); punitive damages for the willful, extreme and outrageous conduct of the Defendant, Manor Township, the costs of suit and reasonable attorney's fees, and such other relief as the court may deem appropriate.

### COUNT II
### PENNSYLVANIA HUMAN RELATIONS ACT, 43 Pa.C.S. §§ 951-963
### PLAINTIFF, CAROLYN K. GUNDEL V. DEFENDANT, MANOR TOWNSHIP

59. The Plaintiff, Carolyn K. Gundel, hereby incorporates by reference the allegations contained in paragraphs 1 through 58, as if set forth in full herein.

60. The Plaintiff, Carolyn K. Gundel, was an "employee" of the Defendant, Manor Township as that term is defined in the Pennsylvania Human Relations Act, 43 P.S. § 954.

61. The Defendant, Manor Township, was an "employer" of the Plaintiff, Carolyn K. Gundel, as that term is defined in the Pennsylvania Human Relations Act, 43 P.S. § 954.

62. The Pennsylvania Human Relations Act guarantees the Plaintiff, Carolyn K. Gundel, the right to be free from unlawful discriminatory practices in employment.

63. The Pennsylvania Human Relations Act prohibits employers from engaging in unlawful discrimination on the basis of age.

64. The Defendant, Manor Township, by its actions as stated aforesaid, violated the provisions of the Pennsylvania Human Relations Act by discriminating against the Plaintiff, Carolyn K. Gundel, on the basis of age.

65. As a direct and proximate result of the actions of the Defendant, Manor Township the Plaintiff, Carolyn K. Gundel, has suffered damages in the form of lost back pay, lost front pay, and attorney's fees and costs.

WHEREFORE, the Plaintiff, Carolyn K. Gundel, respectfully requests this Honorable Court to enter judgment in her favor and against the Defendant, Manor Township for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00); the costs of suit and reasonable attorney's fees; and such other relief as the court may deem appropriate.

## COUNT III
## PENNSYLVANIA HUMAN RELATIONS ACT, 431 Pa.C.S. § 951-963
## PLAINTIFF, CAROLYN K. GUNDEL V. DEFENDANT, TODD GRAEFF

66. The Plaintiff, Carolyn K. Gundel, hereby incorporates by reference the allegations contained in paragraphs 1 through 65 as if set forth in full herein.

67. By his actions aforesaid, the Defendant, Todd Graeff, aided, abetted, incited, and compelled the Defendant, Manor Township, in the doing of unlawful discriminatory acts against the Plaintiff, Carolyn K. Gundel.

68. As a direct and proximate result of the actions of the Defendant, Todd Graeff, the Plaintiff, Carolyn K. Gundel, has suffered damages in the form of lost back pay, lost front pay, and attorney's fees and costs.

WHEREFORE, the Plaintiff, Carolyn K. Gundel, respectfully requests this Honorable Court to enter judgment in her favor and against the Defendant, Todd Graeff, for compensatory damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00); the costs of suit and reasonable attorney's fees; and such other relief as the court may deem appropriate.

Respectfully submitted,

MASANO ♦ BRADLEY

By: _____
James E. Gavin, Attorney I.D. No. 52827
1100 Berkshire Blvd, Suite 201
Wyomissing, PA 19610
(610) 372-7700
jgavin@masanobradley.com
Attorneys for Plaintiff, Carolyn K. Gundel